**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

**CHAPTER 13 PLAN COVER SHEET**

| | | | |
|---|---|---|---|
| Filing Date: | **12/12/16** | Docket #: | **16-14690-jnf** |
| Debtor: | **Barbara D Krafte** | Co-Debtor: | |
| SS#: | **xxx-xx-1594** | SS#: | |
| Address: | **410 Salem Street
Unit 402
Wakefield, MA 01880** | Address: | |
| Debtor's Counsel: | **Matthew T. Desrochers 644504** | | |
| Address: | **274 Main Street, Suite 208
Reading, MA 01867** | | |
| Telephone #: | **(781) 279-1822** | | |
| Facsimile #: | **(781) 944-1599** | | |

**ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.**

**YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.**

**PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.**

**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**PRE-CONFIRMATION CHAPTER 13 PLAN**

CHAPTER 13 PLAN

Docket No.: **16-14690-jnf**

DEBTOR(S):   (H)   **Barbara D Krafte**                     SS#   **xxx-xx-1594**

             (W)                                             SS#

## I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **50.00** for the term of:

☑ 36 Months.  11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months.  11 U.S.C. § 1325(b)(4)(A)(ii);

☐ 60 Months.  11 U.S.C. § 1322(d)(2).  Debtor avers the following cause:

_____ ;or

☐ ____ Months.  The Debtor states as reasons therefore:

_____

## II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **-NONE-** | $ | |

Total of secured claims to be paid through the Plan  $ **0.00**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Bayview Financial Loan** | |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **-NONE-** | | |

D. Leases:

   i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of
      **-NONE-**

; or

    ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-**.

    iii. The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Priority Claims to Be Paid Through the Plan  $ **0.00**

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan):  $ **1,000.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **1.96** % of their claims.

  A. General unsecured claims:  $ **18,115.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **Portfolio Recovery Associates, LLC as** | **Execution** | $ **13,541.28** |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| **-NONE-** | | $ |

Total of Unsecured Claims (A + B + C):  $ **31,656.28**

D. Multiply total by percentage: $ **620.00**
   (Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| **-NONE-** | | $ |

Total amount of separately classified claims payable at ____%    $ **0.00**

## VI. OTHER PROVISIONS

      A. Liquidation of assets to be used to fund plan:

      B. Miscellaneous provisions:

## VII. CALCULATION OF PLAN PAYMENT

A) Secured claims  (Section I-A Total):  $ **0.00**
B) Priority claims  (Section II-A&B Total):  $ **0.00**
C) Administrative claims  (Section III-A&B Total):  $ **1,000.00**
D) Regular unsecured claims  (Section IV-D Total):+  $ **620.00**
E) Separately classified unsecured claims:  $ **0.00**
F) Total of a + b + c + d + e above:  =$ **1,620.00**
G) Divide (f) by .90 for total including Trustee's fee:

    Cost of Plan=    $ **1,800.00**

(This represents the total amount to be paid into the Chapter 13 plan)

H. Divide (G), Cost of Plan, by Term of Plan,    **36** months
I. Round up to nearest dollar for Monthly Plan Payment:    $ **50.00**

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

## VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **410 Salem Street Unit 402 Wakefield, MA. Deed recorded with Middlesex County at book 31022, page 90, DOH at book 54663, page 496. Value from town assessor's database.** | $ **509,500.00** | $ **563,541.28** |

Total Net Equity for Real Property:    $ **0.00**
Less Exemptions (Schedule C):    $ **0.00**
Available Chapter 7:    $ **0.00**

B. Automobile (Describe year, make and model):

**2009 BMW 128I 46,000 miles KBB value**  Value $ **6,640.00**  Lien $ **0.00**  Exemption $ **6,640.00**

Total Net Equity: $ **6,640.00**
Less Exemptions (Schedule C): $ **6,640.00**
Available Chapter 7: $ **0.00**

C. All other Assets (All remaining items on Schedule B):   (Itemize as necessary)

**Misc. household goods**
**Misc. clothing**
**Misc. jewelry**
**Checking account with Eastern Bank, #4412**
**Checking account with Eastern Bank, #4304**
**Savings account with Scottrade, #2074**
**Roth IRA Account with Scottrade, #9241**
**Roth IRA Vanguard, # ending in 2649**
**Inherited IRA with Vanguard, # ending in 6919**
**401k plan with Morgan Stanley, # ending in 8004**

Total Net Value: $ **20,718.00**
Less Exemptions (Schedule C): $ **20,718.00**
Available Chapter 7: $ **0.00**

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:  $ **0.00**

E. Additional Comments regarding Liquidation Analysis:

## IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

**/s/ Matthew T. Desrochers**                             **January 17, 2017**
**Matthew T. Desrochers 644504**                    Date
Debtor's Attorney
Attorney's Address:  **274 Main Street, Suite 208**
**Reading, MA 01867**
Tel. #:  **(781) 279-1822 Fax:(781) 944-1599**
Email Address:  **matthewtdesrochers@gmail.com**

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

Date **January 17, 2017**              Signature  **/s/ Barbara D Krafte**
                                                                **Barbara D Krafte**
                                                                Debtor

# United States Bankruptcy Court
## District of Massachusetts

In re  Barbara D Krafte
Debtor(s)

Case No.  16-14690-jnf
Chapter  13

## CERTIFICATE OF SERVICE

I hereby certify that on **January 17, 2017**, a copy of **Chapter 13 plan** was served electronically or by regular United States mail to all interested parties, the Debtor, the Trustee and all creditors listed on the attached.

Bill Me Later
PO Box 5018
Lutherville Timonium, MD 21094-5018

Cap1/saks
3455 Hwy 80 West
Jackson, MS 39209-7202

Capital One/Best Buy
PO Box 688911
Des Moines, IA 50368-8911

Collection
2365 Northside Dr Ste 30
San Diego, CA 92108-2709

Eastern Bank
PO Box 843335
Boston, MA 02284-3335

Harmon Law Offices
Po Box 610345
Newton Highlands, MA 02461-0345

Howard Lee Schiff, PC
510 Tolland Street
East Hartford, CT 06108-2523

Midland Funding, LLC
2365 Northside Dr Ste 30
San Diego, CA 92108-2709

Portfolio Recovery Associates, LLC as assignee of Citibank, N.A.
PO Box 280245
East Hartford, CT 06128-0245

Syncb/tjx Cos
Po Box 965015
Orlando, FL 32896-5015

Bayview Financial Loan
4425 Ponce De Leon Blvd
Coral Gables, FL 33146-1873

/s/ Matthew T. Desrochers
Matthew T. Desrochers 644504
Law Office of Matthew T. Desrochers
274 Main Street, Suite 208
Reading, MA 01867
(781) 279-1822 Fax:(781) 944-1599
matthewtdesrochers@gmail.com